IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SYDNEY G. WEAVER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv231 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 8, the motion by the plaintiff, Sydney G. Weaver, Jr., for a voluntary dismissal of the above-entitled case because the plaintiff cannot afford the filing fee. The plaintiff also requests a refund of the initial partial filing fee which he has paid in accordance with the Prisoner Payment Order granting his motion for leave to proceed in forma pauperis ("IFP").

Pursuant to Fed. R. Civ. P. 41(a), the motion is granted in part and denied in part. The case will be dismissed without prejudice. However, because the plaintiff is a prisoner subject to the Prison Litigation Reform Act ("PLRA"), any filing fee installments paid by the plaintiff cannot be refunded. In addition, the PLRA does not permit the court to stop the collection of filing fee installments before the entire filing fee is paid.[1]

---

[1] If a plaintiff is not a prisoner, and the court grants in forma pauperis ("IFP") status, the plaintiff is relieved of the obligation for the filing fee. However, the same is not true for prisoners. The Prison Litigation Reform Act ("PLRA") makes a prisoner immediately liable for the entire filing fee upon the filing of a complaint or petition (except habeas corpus petitions). See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). If a prisoner is permitted to proceed IFP, he or she remains liable for the full filing fee, but the fee is collected in installments under a formula established by Congress. See 28 U.S.C. § 1915(b).

The U.S. District Courts do not "keep" filing fees or use them in any fashion. Instead, upon receipt by the court, the fees immediately, as a matter of law, become the

Thus, although a plaintiff may voluntarily dismiss an action at any time, even then, if the plaintiff is a prisoner, funds may continue to be collected by the plaintiff's institution, when deposits are available in the plaintiff's inmate trust account, until the entire $250 fee has been paid. In light of that fact, the court will grant the plaintiff a short period in which to reconsider whether he still wishes to dismiss this case. If the plaintiff decides to reinstate this case to the court's active docket, he may file a motion to do so by no later than August 1, 2005. Absent a motion by August 1, 2005 to reinstate or reopen the case, this case will not be reinstated or reopened at a later time and will remain dismissed [2].

THEREFORE, IT IS ORDERED:

1. That filing no. 8, the plaintiff's motion for a voluntary dismissal of the above-entitled case and for a refund of the filing fee, is granted in part and denied in part, as follows:

    a. This case is dismissed, without prejudice, at the plaintiff's request, and judgment will be entered accordingly;

---

property of the U.S. Treasury. In addition, the Clerk of Court must account for all filing fees to the Administrative Office of the U.S. Courts. See 28 U.S.C. § 751(e), which states: "The clerk of each district court shall pay into the Treasury all fees, costs and other moneys collected by him, except naturalization fees listed in section 742 of Title 8 and uncollected fees not required by Act of Congress to be prepaid. [The Clerk of Court] shall make returns thereof to the Director of the Administrative Office of the United States Courts under regulations prescribed by him." Because of principles of sovereign immunity, no one, including the judges of this court, may draw on the U.S. Treasury absent legal authority to do so. The Administrative Office of the U.S. Courts does not permit the federal courts to remove funds from the U.S. Treasury to refund a prisoner's filing fee. This court is not empowered to remove filing fee payments from the U.S. Treasury in defiance of policy set by the Administrative Office of the U.S. Courts.

[2]However, as the dismissal is without prejudice, the plaintiff may file a new lawsuit even after August 1, 2005, subject to any applicable statute of limitations.

  b.  The court cannot refund the filing fee or prevent the collection of future installments; and

  2.  That if the plaintiff decides to reinstate this case to the court's active docket, he may file a motion to do so by no later than August 1, 2005; absent a motion by August 1, 2005 to reinstate or reopen the case, this case will not be reinstated or reopened at a later time.

  DATED this 1st day of July, 2005.

              BY THE COURT:

              <u>s/Laurie Smith Camp</u>
              Laurie Smith Camp
              United States District Judge